UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY SPRATT, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | )   No. 3:06cv0014 AS |
| | ) |
| ANDREW PAZERA, | ) |
| | ) |
| Respondent | ) |

*MEMORANDUM, OPINION AND ORDER*

On or about January 6, 2006, *pro se* petitioner, Timothy Spratt, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 23, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on October 26, 2006, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. He was the subject of a prisoner disciplinary proceeding charged with making sexual proposals, gestures or threats. The matter was taken up before a conduct adjustment board which found that he had engaged in that species of conduct. The sanctions included a demotion from credit class I to II and a 90-day earned credit time deprivation, which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). He was also sanctioned with a suspended 90-day term of disciplinary

segregation pending no A or B conduct reports for six months and no phone privileges for three months. These latter sanctions do not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995).

The designation of the CAB which occurred in and around October 2005 was WCC 05-10-0426. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under the standards of *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), as well as "some evidence" standards as reflected in *Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). The court is aware that any failure to assert a claim during the state-provided administrative procedures may result in a procedural default under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). *See also Nelson v. McBride*, 912 F.Supp. 403 (N.D. Ind. 1996).

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert*. *den*., 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Generally, state law also includes the so-called ADP. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). This court does not bottom any part of the decision here on harmless error.

Once again, it appears that the focus of this petitioner's complaint has to do with

2

videotapes, a subject that has been visited extensively by this court and the Court of Appeals in this circuit.  Given the major premise of *Wolff*, this petitioner was provided all of the due process to which he was entitled under the Fourteenth Amendment and the Constitution of the United States.  The Attorney General asserts that there was in fact no video.  The language used is "since the video does not exist."  There is an affidavit in the record of William McGinnis to that effect which is dated 8-21-06.

The Attorney General has placed before this Court a series of documents designated A through J6, both inclusive, which explicate in great detail the proceedings involved.  In the records also are handwritten filings made by this petitioner on October 26, 2006 including the aforesaid motion for production which will be **DENIED**.  The motion for production, unlike the sworn statement of William McGinnis is not sworn to.  Thus, the court does not have a swearing contest with regard to the existence of a video.  This court stands ready to conduct an evidentiary hearing in regard to the existence of such a video, if necessary, but is disinclined to do so on the present state of the record.  If this petitioner can demonstrate to this court whether such an evidentiary hearing would be in order and necessary, he will be given an opportunity to demonstrate that immediately.  Otherwise, the petition is considered and **DENIED**.  **IT IS SO ORDERED**.

     **DATED:** November 3, 2006

                                              **/S/ ALLEN SHARP**
                                        **THE HONORABLE ALLEN SHARP,**
                                          **JUDGE, UNITED STATES DISTRICT COURT**